IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Michael Clark,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 06-2724-PHX-EHC (HCE)<br><br>**ORDER** |

On May 31, 2007, Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 18). Respondents filed an Answer (Dkt. 7) to the original Petition, a Response/Supplemental Answer (Dkt. 19), and a Second Supplemental Answer (Dkt. 20). The matter was referred to Magistrate Judge Héctor C. Estrada who filed a Report and Recommendation on March 31, 2009 recommending that the Petition be denied and dismissed (Dkt. 28). On April 13, 2009, Petitioner filed an Objection to the Report and Recommendation (Dkt. 29).

Standard of Review

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which there is a filed objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.

2003). The district court is not required to review any issue that is not the subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985).

## Discussion

On November 22, 2002, Petitioner was charged in Maricopa County Superior Court with Burglary in the Second Degree (Count 1); and Trafficking in Stolen Property (Count 2), both class 3 felonies. The State alleged that Petitioner had four historical prior felony convictions. During trial, the trafficking crime was dismissed on motion of the State. The jury found Petitioner guilty of second degree burglary . The trial court sentenced Petitioner to the presumptive term of 11.25 years of imprisonment based on his conviction and prior felony convictions. Petitioner's conviction was affirmed by the Arizona Court of Appeals. Review was summarily denied by the Arizona Supreme Court. Petitioner's request for post-conviction relief was denied in the state courts.

The factual circumstances of Petitioner's criminal activity involved a burglary on November 7, 2002 at the apartment complex where Petitioner lived with one Robert Kane. Petitioner resided in Apartment 308 and the victim of the burglary resided in Apartment 310. A neighbor (referred to as "the neighbor witness") who resided in Apartment 309 allegedly observed Petitioner in the victim's apartment patio area with items later found and determined to have been stolen. On the day of the burglary, Petitioner allegedly made a phone call using the phone in the apartment manager's office. Joy Dennis later came to Petitioner's apartment and allegedly provided Petitioner with crack cocaine in exchange for some of the stolen items. The police found items stolen from the victim in Petitioner's apartment and in Dennis' apartment.

The State extended use immunity to Dennis for her trial testimony. However, during trial, the prosecutor informed the court that it was believed that Dennis would not testify truthfully and it had been decided that Dennis would not be called as a witness. The prosecutor asked to have the use immunity withdrawn. Dennis' counsel informed the trial

court that Dennis would invoke the Fifth Amendment privilege and not answer questions that could implicate her in drug or trafficking activity. Dennis was not called as a witness for the State or Petitioner.

During trial, the neighbor witness identified Petitioner as the person he saw on the victim's patio with the stolen items. The neighbor witness said he saw Petitioner every day at the apartment complex and knew him as the person who lived next door with Kane. The neighbor witness described the person he saw on the victim's patio as having shoulder-length curly blond hair. During trial, when asked to describe Petitioner, the neighbor witness testified that Petitioner had shorter, darker hair (Dkt. 7 - Exhibit E at 121-122, 125-130, 138, 140-143 [numbering at top of page]).[1]

Petitioner has raised the following issues in his Amended Petition for Writ of Habeas Corpus: <u>Ground One</u> - violation of his Sixth Amendment right to compulsory process and of his Fourteenth Amendment right to a meaningful opportunity to present a competent defense; <u>Ground Two</u> - ineffective assistance of trial counsel based on alleged failure to impeach a State witness with alleged prior inconsistent statements; and, <u>Ground Three</u> - denial of the right to a fundamentally fair trial under the Fourteenth Amendment due to the cumulative effect of the errors alleged in Grounds One and Two.

The Magistrate Judge has recommended that Grounds One and Two should be denied on the merits and that Ground Three should be dismissed as procedurally defaulted and barred from habeas review because Petitioner cannot excuse the procedural default.

Petitioner has listed his objections to "factual findings" recommended in the Report and Recommendation in ten (10) separately numbered paragraphs.

---

[1] The pages of the transcript of the state trial have been cited by referring to the page number of the Exhibit, that is, Exhibit E is the Reporter's Transcript of the state trial proceedings dated March 3, 2003 in <u>State of Arizona v. Shannon M. Clark</u>, Case No. 1-CA-CR 03-0335 (Maricopa County Superior Court), attached at Dkt. 7 - Answer.

1        At paragraph 1, Petitioner argues that the recommended finding of fact that Petitioner
2 made a phone call from the apartment manager's office on November 7, 2002 is not true.
3 Petitioner argues that the call was not made from the manager's office. It is stated in the
4 Report and Recommendation that Police Officer Baber of the Phoenix Police Department
5 determined that "Sean" had made two calls from the manager's office (Dkt 28 at 9). This
6 description of the facts was based on an excerpt from the police report of the incident that
7 was submitted with the Petition for Post-Conviction Relief filed by Petitioner through
8 counsel (Dkt. 7 - Answer - Exhibit DD at 66 [numbering at top of page]). Petitioner was
9 referred to as "Sean" during trial (Dkt. 7 - Answer - Exhibit E at 121-122, 125 [numbering
10 at top of page]). The Report and Recommendation also states that "Petitioner does concede
11 having made a phone call on November 7, 2002" (Dkt. 28 - Report and Recommendation at
12 9 n. 6). Petitioner has not shown that the Report and Recommendation is in error as to this
13 recommended fact.

14        In paragraphs 2 through 7, Petitioner has argued a series of objections contending that
15 the Report and Recommendation erroneously characterizes Joy Dennis as a witness who
16 "would not" identify Petitioner or who would have testified falsely. Petitioner argues that
17 Joy Dennis was a witness with exculpatory testimony and that she never identified Petitioner.
18 Petitioner has not submitted an affidavit from Dennis showing that her proposed testimony
19 was "exculpatory."

20        In paragraphs 8 and 9, Petitioner objects to the recommendation that trial counsel's
21 actions were "trial tactics" and argues that counsel's alleged failure to impeach the neighbor
22 witness with his inconsistent statements was not a legitimate trial tactic. Petitioner has not
23 shown error in the Magistrate Judge's recommended reasoning in rejecting Petitioner's
24 ineffective assistance of counsel claim.

25        In paragraph 10, Petitioner argues that the Magistrate Judge's "factual findings and
26 mixed facts and law are not accurate and should not be considered." Petitioner argues in
27 conclusion that he objects to the Magistrate Judge's "factual findings, as well as his

application of the law with his factual findings." Petitioner's argument, unsupported by factual and legal discussion, does not establish error in the Magistrate Judge's Report and Recommendation.

The Court will overrule Petitioner's Objection.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Dkt. 29) is overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 28) is adopted in full.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (Dkt. 18) is denied and dismissed.

DATED this 19th day of June, 2009.

Earl H. Carroll
United States District Judge